UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:17-cr-55-11

        Plaintiff,

v.   ORDER

Keith Cooke,

        Defendant.

Defendant Keith Cooke requests that counsel be appointed to assist him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 712). Defendant argues the presence of Covid-19 within his institution, FCI Milan, along with his pre-existing health conditions, constitute extraordinary and compelling reasons to justify appointment of counsel and the reduction of his sentence. (*Id.* at 1). There is no right to counsel in postconviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987), and Cooke has not shown the appointment of counsel is necessary to serve the interest of justice in this case. *See, e.g., United States v. Prater*, No. CR 7:15-11-DCR-3, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582.") (citations omitted).

Further, Section 3582(c)(1)(A) mandates that a defendant seeking modification of his sentence must first fully exhaust all administrative remedies or wait at least 30 days after submitting a request for release to the warden before filing a motion for modification. Defendant has not complied with the exhaustion requirement.

This requirement is mandatory and not subject to waiver.  *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (dismissing defendant's untimely motion because defendant filed "before waiting out a statutorily required non-adversarial window").  In these circumstances, I must dismiss Defendant's motion without prejudice.  *Id.*  Defendant may refile his motion once he has complied with § 3582(c)(1)(A)'s exhaustion requirement.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge