UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                 Case No. 3:17-cr-55

           Plaintiff,

v.                                                         ORDER

Keith Cooke,

           Defendant.

Defendant Keith Cooke has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). (Doc. No. 838). He contends he was deemed a career offender at sentencing and given an enhanced sentence due to a prior drug conspiracy conviction. (Doc. No. 844 at 2). He further argues there has been an intervening change in law and that, if he were sentenced today, he would not have received an enhanced sentence. Cooke contends the Sixth Circuit held in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), that prior conspiracy convictions cannot be used to enhance a defendant's sentence, and that the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), requires that he be resentenced due to this intervening change in law. (*Id.* at 1-3). Cooke's arguments are not persuasive.

The *Havis* court addressed whether the United States Sentencing Commission could "add attempt crimes to the list of offenses in [United States Sentencing Guidelines] § 4B1.2(b) [which increase the base offense level for a controlled substance offense] through commentary. *Havis*, 927 F.3d at 384. But Cooke was not sentenced as a career offender and his sentence did not result from

an increase in the base offense level under the Guidelines. Instead, he was subject to an increased mandatory minimum sentence, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, because he previously was convicted on a serious drug felony. (*See* Doc. Nos. 687 and 688).

Cooke's sentencing range has not been lowered by the Sentencing Commission and, therefore, he is not entitled to be resentenced pursuant to 18 U.S.C. § 3582(c)(2). Therefore, I deny his motion. (Doc. No. 838).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge